**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WLODZIMIERZ J. DZWONCZYK,**

                    **Plaintiff,**          5:07-CV-1239
    **vs.**                                     (NAM)(DEP)

**SYRACUSE HOUSING AUTHORITY;**
**WILLIAM J. SIMMONS, JOANN SMITH;**
**and NICHOLAS A. NAPOLITANO,**

                    **Defendants.**
_____

APPEARANCES:

Wlodzimierz J. Dzwonczyk
Plaintiff, *Pro Se*

Sliwa & Lane
Paul F. Murak, Esq., of counsel
237 Main Street
840 Main-Seneca Building
Buffalo, New York 14202
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM-DECISION and ORDER**

**INTRODUCTION**

      Plaintiff Wlodzimierz J. Dzwonczyk filed this action alleging that defendants have discriminated against him on the basis of his national origin and his disability in violation of his statutory and constitutional rights. Dkt. No. 1 at 1.[1] According to plaintiff, defendants improperly denied plaintiff's request to conduct a small business out of his apartment and increased his rent effective December 1,

---

[1] Plaintiff's claims arise pursuant to the Fair Housing Act, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), the Rehabilitation Act of 1973 and the Americans With Disabilities Act of 1990. *Id.*

2007. *Id* at 3-7.

Presently before this Court are several motions filed by plaintiff seeking preliminary injunctive relief against the defendants. Plaintiff seeks an order of this Court restraining defendants from seeking to collect the increased rent, from enforcing the Syracuse Housing Authority ("SHA") policy prohibiting small business activity, and from communicating with plaintiff regarding his tenancy. *See* Dkt. Nos. 3, 14, 23. Defendants oppose the motions. Dkt. Nos. 33-38.

## DISCUSSION

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, the party seeking the injunction must show a threat of irreparable injury if the injunction is not granted and either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Where, however, (1) the injunction sought will alter, rather than maintain, the *status quo*, *i.e.*, is properly characterized as "mandatory" rather than "prohibitory"; or (2) the injunction sought will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits, the moving party must make a "clear" or "substantial" showing of a likelihood of success. *Id.*

The irreparable harm requirement is "the single most important prerequisite for the issuance of a preliminary injunction." *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) (internal quotation marks omitted). Irreparable harm is defined as an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation. *See Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995).

Plaintiff claims that unless defendants are enjoined from enforcing the December, 2007 rent redetermination he will be evicted from his apartment, and will thereby suffer irreparable harm. Dkt. No. 3-2 at 2. Plaintiff does not claim that eviction proceedings have been instituted.

In response, defendants acknowledge that plaintiff's rent was increased effective December 1, 2007, and state that plaintiff has not paid the increased rent.[2] According to defendants, plaintiff did not attend conferences regarding his lease scheduled for November 20, 2007 and January 30, 2008. Defendants note that plaintiff's refusal to communicate with SHA personnel makes it impossible for defendants to address plaintiff's claim that a further redetermination of his rent is warranted by changed circumstances. Dkt. No. 34 at 3. Notwithstanding the foregoing, defendants state that plaintiff has been a tenant of the Syracuse Housing Authority for several years, and that "no eviction proceedings have been commenced, and Defendants continue to forbear." *Id*. at 4; *see also* Dkt. No. 36 at 2.

Based upon the foregoing, the Court finds that even assuming, *arguendo,* that eviction from his SHA apartment would constitute irreparable harm, plaintiff has not established that the threatened harm is imminent, such that the issuance of a preliminary injunction is warranted. The Court notes also that plaintiff has not shown a probability of success on the merits or sufficiently serious questions going to the merits to warrant injunctive relief.

Plaintiff also asks this Court to enjoin defendants from enforcing SHA policy prohibiting tenants from engaging in private business enterprises on residential property. According to the complaint, plaintiff wants to conduct a travel business from his apartment, and his June, 2007 request for permission to do so was improperly denied. *See* Dkt. No. 1 at 4. Plaintiff does not contend that he has engaged in this business activity.

---

[2] Plaintiff's monthly rent was increased from $191.00 to $375.00. According to defendants, plaintiff paid $190.00 rent for December, 2007, $190.00 rent for January, 2008 and $50.00 rent for February, 2008. *Id*. at 3.

Defendants urge the denial of this aspect of plaintiff's motions, claiming that plaintiff has not made any showing that he is likely to suffer irreparable harm if the requested relief is not granted. *See* Dkt. No. 34 at 4. Defendants also oppose the motion because the grant of preliminary injunctive relief would afford plaintiff "part of the ultimate relief he seeks in his Complaint." *Id*.

The Court finds that plaintiff has not made a showing that he will likely suffer irreparable harm in the absence of a preliminary injunction restraining defendants from enforcing the SHA policy regarding private business enterprises. Nor has he made an adequate showing of merit to warrant an injunction in this regard. Accordingly, this aspect of plaintiff's motions is denied.

The Court has also considered plaintiff's request that a preliminary injunction be issued restraining the defendants from contacting plaintiff regarding his tenancy. Dkt. No. 14 at 2; Dkt. No. 23-2 at 1. Plaintiff claims that such relief is warranted because the pendency of this lawsuit makes such contact improper. Dkt. No. 14 at 2.

Defendants oppose the requested relief, contending that it is both necessary and proper for SHA officials to communicate with plaintiff regarding his tenancy. Dkt. No. 35. Defendants add that plaintiff has not demonstrated that communications regarding the lease are likely to cause plaintiff irreparable harm. Moreover, they state that plaintiff's refusal to communicate with SHA officials makes it impossible for them to address plaintiff's concerns regarding the rent redetermination. *Id*. at 1-2.

Plaintiff has made no showing that he will likely suffer irreparable harm in the absence of a preliminary injunction restraining defendants from contacting plaintiff regarding his tenancy. Nor has he shown any legitimate basis for such relief. Upon review, plaintiff's request that defendants be enjoined from contacting him regarding his tenancy is denied.

WHEREFORE, it is therefore

ORDERED that plaintiff's motions for preliminary injunctive relief (Dkt. Nos. 3, 14, 23) are denied, and it is further

ORDERED that the Clerk serve a copy of this Memorandum-Decision and Order on the parties.

IT IS SO ORDERED.

April 14, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge